PETER A. McDOWELL, APPELLEE, v. E. MARY GREGORY ET AL., APPELLANTS.

Foreclosure of Mortgage: DECEIT BY ATTORNEY. One P. employed certain attorneys to foreclose a mortgage in his favor upon certain real estate. They thereupon commenced an action and obtained a decree of foreclosure. Afterwards they claimed to have discovered that a portion of the mortgaged premises had been released and other real estate taken in lieu thereof, and they thereupon employed another attorney to obtain a decree setting aside the decree of foreclosure, to have the property claimed to be released declared discharged from the mortgage,

5

and to foreclose the mortgage upon the remainder of lands first mortgaged, and upon that taken in lieu of that released. A decree was obtained as prayed. On appeal to the supreme court the plaintiff filed an affidavit wherein he stated that the second action was commenced and carried on without his knowledge or authority; that he was satisfied with the first decree; which facts were not denied. He also stated that he was informed and believed that his attorneys had purchased the land released, in another's name, for a trifling sum. *Held,* That the decree in the second action would be set aside and the petition dismissed.

APPEAL from Lancaster county.    Tried below before POUND, J.

*John S. Gregory,* for appellant.

No appearance for appellee.

MAXWELL, J.

This is an action to vacate a decree of foreclosure, correct a mistake, and foreclose a mortgage. A decree was rendered in the court below in favor of the plaintiff, from which the defendants appeal to this court.

It appears from the record that, in the year 1875, John S. Gregory and wife executed a promissory note to the plaintiff for the sum of $1,000, due in one year from date, and to secure the payment of the same executed a mortgage upon the south-west one-fourth of section 20, town 12, range 6, and the east one-half of the south-east one-fourth of section 27, town 10, range 6. The defendants claim that in February, 1876, the mortgage upon the east one-half of the south-east one-fourth of section 27 was released under an agreement that John S. Gregory and wife would execute a mortgage in lieu thereof upon lot 7, in block 122, in the city of Lincoln, and there is testimony tending to show that such a release was obtained through the plaintiff's attorneys. Upon the release of the land above described, the Gregorys conveyed said land to one Martin L.

Powell, he conveying to them said lot 7, but the deed for said lot was not filed for record until the twenty-third of May, 1878. The Gregorys thereupon executed a mortgage upon lot 7 in block 122, and the west half of lot 3 and east half of lot 4 in block 121, in lieu of the mortgage released. The plaintiff is a resident of the state of New York, who had not at the date of these transactions been in the state, the business having been transacted through agents. In 1877, an action to foreclose the first mortgage was instituted by the plaintiff's attorneys upon all the lands described in the first mortgage, including that claimed to be released and conveyed to Powell, the plaintiff's attorneys alleging that they were not aware of the release, as it had not been recorded, nor aware that the mortgage on lot 7 was made to secure the above described note. While this action was pending, Gregory and wife obtained a stipulation from the plaintiff's attorneys providing that no stay should be taken, and that the attorneys for the plaintiff would look alone to the mortgaged premises for satisfaction of the decree, and not ask for a personal judgment in case of deficiency. A decree of foreclosure and sale was then rendered. The decree of foreclosure recited the stipulation—that the plaintiff would look to the mortgaged premises alone for satisfaction of the debt. While this decree was in force, John S. Gregory and wife conveyed lot 7 in block 122, in the city of Lincoln, to Welthy P. Gregory, the mother of John S., and she claims to be a *bona fide* purchaser of said lot. A sale under the decree of foreclosure being about to take place, the plaintiff's attorneys claim that they discovered the mistake. The order of sale was recalled, and this action instituted by an attorney employed by the plaintiff's attorneys to foreclose both mortgages. The Gregorys plead the stipulation, and that Welthy P. Gregory is a *bona fide* purchaser of said lot. A decree foreclosing both mortgages was entered in the court below, from which the defendants appeal to this court.

After an appeal was perfected, the plaintiff filed an affidavit in the cause, wherein he states in substance that he never released the east half of the south-east one-fourth of section 27, town 10, range 6, from the mortgage; that he never authorized his attorneys to employ an attorney and have said real estate decreed to be released, and foreclose the mortgage upon the property alleged to have been mortgaged in lieu thereof, and that said proceedings are wholly without his authority and are against his interest; that he is satisfied with the decree obtained on the first mortgage; and asks that all subsequent proceedings be declared null and void. He also states that he is informed and believes that before the commencement of the second action of foreclosure his attorney purchased said land for the sum of $250, although it was worth from $2,000 to $2,500, and caused it to be conveyed to a sister of one of said attorneys, to be held in trust for them. No counter-affidavits denying these facts are filed, although certain correspondence of the plaintiff is submitted to the court which really tends to sustain the plaintiff's affidavit. This being the case, the second action must be held to have been commenced and carried forward without the plaintiff's knowledge or authority, and is therefore void. Should the alleged facts stated upon information and belief be brought to the attention of the court in the proper manner, and clearly established, the proper remedy will be applied to prevent the abuse by officers of the court of their proper functions. The decree of foreclosure in the second action is reversed and the petition in that case dismissed.

JUDGMENT ACCORDINGLY.